# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13 CR 79-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JEFFREY KIRKLAND. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned pursuant to an Order (#240) entered by United States District Judge Martin Reidinger referring this matter to the undersigned to conduct a detention hearing for Defendant, pursuant to 18 U.S.C. § 3143(a)(2). It appearing to the Court at the call of this matter on for hearing the Defendant was present with his attorney, Al Messer and the Government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On December 3, 2013, Defendant was charged in a bill of indictment (#3) with one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846 and one count of possession with intent to distribute a quantity of methamphetamine in

1

violation of 21 U.S.C. § 841(a)(1). At a detention hearing that was conducted on January 15, 2014, Defendant was released on terms and conditions of pretrial release (#80). Defendant remained on pretrial release until January of 2015 when the charges against him were presented for trial. On January 8, 2015, at the close of the trial, the jury found Defendant guilty of the first count of the bill of indictment, that being conspiracy to possess with intent to distribute methamphetamine, and not guilty of the charge of possession with intent to distribute a quantity of methamphetamine. Judge Reidinger then ordered Defendant to be taken into custody pursuant to 18 U.S.C. § 3143(a)(2). On January 20, 2015, Defendant's counsel filed a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure (#239). After reviewing the motion of Defendant, Judge Reidinger found there is a substantial likelihood the Defendant's motion for acquittal will be granted. (#240) Judge Reidinger then referred this matter to the undersigned for a hearing to determine whether or not Defendant should be released on terms and conditions of release.

> **Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

As a result of the Order of Judge Reidinger,(#240) it appears there is a substantial likelihood that a motion for acquittal or new trial will be granted.

The evidence presented shows that Defendant is a resident of Dawsonville, GA and has resided in Georgia for the past sixteen years. Defendant's mother resides with him and the Defendant provides care for his mother. Defendant has no previous criminal record and has never failed to appear at any type of court proceeding. At the time of the filing of the bill of indictment, Defendant was not on probation, parole or other release pending trial. After the Defendant was released by the undersigned on terms and conditions of pretrial release there have not been any allegations that have been filed alleging that Defendant has violated any term and condition of release. The undersigned has considered the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release and finds there does not appear to be any evidence that shows the release of the Defendant would pose a danger to any other person or the community.

Rule 46(c) of the Federal Rules of Criminal Procedure provides as follows:

**(c)** **Pending Sentencing or Appeal.** The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

The undersigned finds that Defendant has satisfied that burden and will enter an order releasing Defendant on terms and conditions of pretrial release.

### ORDER

**IT IS, THEREFORE, ORDERED**, that terms and conditions of pretrial release in this matter will be entered(#241) and it is **ORDERED** Defendant be released pending further proceedings in this matter.

Signed: January 28, 2015

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge